IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBEL MICHIEL** <br> 7006 COURTYARD WAY <br> HAYMARKET, VA 20169 <br><br> and <br><br> **KRISTIN MICHIEL** <br> 7006 COURTYARD WAY <br> HAYMARKET, VA 20169 <br> Plaintiffs <br><br> V. <br><br> **TAYLOR-MADE DEEP CREEK REAL ESTATE LLC** <br> SERVE ON: DAVID COLLINS, ESQ. <br> 35 TOWNE CENTRE WAY SUITE A <br> MCHENRY, MD 21541 | CASE NO. 1:25-cv-3647 |

## COMPLAINT

Plaintiffs, ROBEL MICHIEL and KRISTIN MICHIEL, through undersigned counsel, for their cause of action against the Defendant, Taylor-Made Deep Creek Real Estate LLC, states the following:

### PARTIES

1. Plaintiff, Robel Michiel, is a citizen of Prince William County, Virginia, with a residence at 7006 Courtyard Way, Haymarket, VA 20169.

2. Plaintiff, Kristin Michiel, is a citizen of Prince William County, Virginia, with a residence at 7006 Courtyard Way, Haymarket, VA 20169.

3. Defendant, Taylor Made Deep Creek Real Estate LLC, is limited liability corporation, registered and conducting business in the state of Maryland, with its principal location in Garrett County, Maryland at 35 Towne Centre Way, Suite A, McHenry, MD 21541. The resident agent is David Collins, Esquire.

**JURISDICTION AND VENUE**

4. Plaintiffs bring this Complaint pursuant to 28 U.S.C. §1332.

5. Venue is appropriate pursuant to 28 U.S.C. §1391(b)(2).

**FACTS**

6. Plaintiffs, Robel Michiel and Kristin Michiel, ("the Michiels") are husband and wife.

7. On August 1, 2024, the Michiels purchased real property located at 179 Sloan Tract Road, Oakland, MD 21550 ("subject property") for a purchase price of $712,000.00.

8. This property is located in the Deep Creek vacation resort area in Garrett County, Maryland.

9. The subject property is managed by Taylor Made Deep Creek Real Estate LLC ("Taylor-Made").

10. As the property manager, Taylor-Made is responsible for rentals of the subject property, including booking and reservations, payment, inspection and identifying any required maintenance.

11. Prior to the purchase of the subject property, Taylor Made provided historical rental data to the Michiels, which included rental revenue data for all bookings of the subject property in 2022 and 2023.

12. The purpose of this data was to allow the Michiel's to make an educated decision on the purchase of the property, based on its projected profitability.

13. The Michiels purchased the subject property primarily because of the information contained in the historical rental income data provided.

14. The rental revenue data provided prior to purchase of the subject property for 2022 was $74,429.00.

15. The rental revenue data provided prior to purchase of the subject property for 2023 was $53,321.00.

16. Since the purchase of the subject property, the Michiels have continued to spend an excess of $5,000.00 a month in mortgage and other maintenance fees for the subject property, in addition to the monthly mortgage payment and other expenses related to the property.

17. Since the purchase of the subject property, rental income has been significantly less than projected.

18. The actual income and the historical rental income provided by Taylor-Made was so disparate that the Michiels made an inquiry into the cause of the disparity.

19. On April 25, 2025, Lisa Yommer, ("Ms. Yommer") an employee of Taylor-Made, informed the Michiels via email that the historical rental income provided to them prior to purchase included revenue from cancelled reservations. *See* Email dated April 25, 2025 attached as Exhibit A.

20. The Michiels were not informed prior to this inquiry that the historical rental income provided included these monies that were not actually received by the prior owners.

21. The actual rental revenue for 2022 was only $21,945.23.

22. The actual rental revenue for 2023 was only $39,192.43.

23. The aforementioned projections also did not include the rental revenue in relation to the expenses required to maintain the subject property.

24. On April 29, 2025, in response to the Michiels inquiry as to what can be done to improve rentals of the subject property, Ms. Yommer suggested, again via email, that further misrepresentations be made. *Id*.

25. Specifically, Ms. Yommer suggested that dummy reservations be made so that fake reviews and scoring of the property could be accomplished, which could boast bookings.

26. The Michiels declined this course of action, as it would involve further misrepresentations.

27. The inclusion of cancelled reservations significantly increased the projected return on the Michiels' investment, and was the driving factor for the Michiels to not only purchase the property, but to spend a considerable amount of resources to repair and make improvements to the property.

28. To date, the Michiels have spent an excess of $249,836.06 on the subject property. *See* Expense Breakdown attached as Exhibit B.

29. But for the representations of Taylor-Made, the Michiels would not have purchased the subject property.

## COUNT I: FRAUDULENT MISREPRESENTATION

30. Plaintiffs incorporate by reference paragraphs 1-29 as if fully set forth under this Count and further alleges:

31. On August 1, 2024, the Michiels purchased the subject property for a purchase price of $712,000.00.

32. The subject property is managed by Taylor Made Deep Creek Real Estate LLC.

33. Prior to the purchase of the subject property, Taylor Made provided historical rental data to the Michiels, which included rental revenue data for all bookings of the subject property in 2022 and 2023.

34. The Michiels relied on these projections in order to determine whether or not to purchase the subject property

35. The rental revenue data provided prior to purchase of the subject property for 2022 was $74,429.00; however, the actual rental revenue for 2022 was only $21,945.23.

36. The rental revenue data provided prior to purchase of the subject property for 2023 was $53,321.00; however, the actual rental revenue for 2023 was only $39,192.43.

37. Ms. Yommer, an employee of Taylor-Made, admitted that the historical renal income provided to them prior to purchase was inflated because it included revenue from cancelled reservations.

38. The Michiels were not informed prior to their purchase of the subject property that the historical rental income provided included monies that were not actually received by the prior owners.

39. The aforementioned projections also did not include the rental revenue in relation to the expenses required to maintain the subject property.

40. The inclusion of cancelled reservations significantly increased the projected return on the Michiels' investment, and was the driving factor for the Michiels to not only purchase the property, but to spend a considerable amount of resources to repair and make improvements to the property.

41. As a result of the actions and omissions of the Defendant, and Defendant's agents, the Michiels have suffered economic and non-economic damages, including mental anguish, anxiety, and depression.

**WHEREFORE**, Plaintiffs respectfully request Judgment in their favor against Defendant for $712,000.00 in compensatory damages, $100,000.00 in punitive damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

42. Plaintiff incorporates by reference paragraphs 1-41 as if fully set forth under this Count and further alleges:

43. On August 1, 2024, the Michiels purchased the subject property for a purchase price of $712,000.00.

44. The subject property is managed by Taylor Made Deep Creek Real Estate LLC.

45. Prior to the purchase of the subject property, Taylor Made provided historical rental data to the Michiels, which included rental revenue data for all bookings of the subject property in 2022 and 2023.

46. The Michiels relied on these projections in order to determine whether or not to purchase the subject property

47. The rental revenue data provided prior to purchase of the subject property for 2022 was inflated by $52,483.77.

48. The rental revenue data provided prior to purchase of the subject property for 2023 was inflated by $14,128.57.

49. Ms. Yommer, an employee of Taylor-Made, admitted that the historical renal income provided to them prior to purchase was inflated because it included revenue from cancelled reservations.

50. The Michiels were not informed prior to their purchase of the subject property that the historical rental income provided included monies that were not actually received by the prior owners.

51. The aforementioned projections also did not include the rental revenue in relation to the expenses required to maintain the subject property.

52. The inclusion of cancelled reservations significantly increased the projected return on the Michiels' investment, and was the driving factor for the Michiels to not only purchase the property, but to spend a considerable amount of resources to repair and make improvements to the property.

53. As a result of the actions and omissions of the Defendant, and Defendant's agents, the Michiels have suffered economic and non-economic damages, including mental anguish, anxiety, and depression.

**WHEREFORE**, Plaintiffs respectfully request Judgment in their favor against Defendant for $712,000.00 in compensatory damages, $100,000.00 in punitive damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## COUNT III: UNJUST ENRICHMENT

54. Plaintiff incorporates by reference paragraphs 1-53 as if fully set forth under this Count and further alleges:

55. On August 1, 2024, the Michiels purchased the subject property for a purchase price of $712,000.00.

56. The subject property is managed by Taylor Made Deep Creek Real Estate LLC.

57. Prior to the purchase of the subject property, Taylor Made provided historical rental data to the Michiels, which included rental revenue data for all bookings of the subject property in 2022 and 2023.

58. The Michiels relied on these projections in order to determine whether or not to purchase the subject property.

59. The rental revenue data provided prior to purchase of the subject property for 2022 was inflated by $52,483.77.

60. The rental revenue data provided prior to purchase of the subject property for 2023 was inflated by $14,128.57.

61. Ms. Yommer, an employee of Taylor-Made, admitted that the historical renal income provided to them prior to purchase was inflated because it included revenue from cancelled reservations.

62. The Michiels were not informed prior to their purchase of the subject property that the historical rental income provided included monies that were not actually received by the prior owners.

63. The aforementioned projections also did not include the rental revenue in relation to the expenses required to maintain the subject property.

64. To date, the Michiels have spent an excess of $249,836.06 on the subject property, including mortgage, maintenance, and other expenses.

65. As a result of the actions and omissions of the Defendant, and Defendant's agents, the Michiels have suffered economic and non-economic damages, including mental anguish, anxiety, and depression.

**WHEREFORE**, Plaintiffs respectfully request Judgment in their favor against Defendant for $260,000.00 in compensatory damages, $100,000.00 in punitive damages, plus costs, reasonable attorney's fees, and for such other relief that justice requires.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request:

A.  Enter Judgment in Plaintiffs' favor and against the Defendant;

B.  Award Plaintiffs $972,000.00 in compensatory damages and $300,000.00 in punitive damages;

C. Award Plaintiffs costs, attorney's fees, and other expenses; and

D. For such further relief that justice might require.

## JURY TRIAL PRAYER

Plaintiffs request Trial By Jury in this matter.

Respectfully Submitted,
/s/ Andrea D. Smith-Walker, Esq.
_____
Andrea D. Smith-Walker, Esq., ID 20532
The Law Office of Andrea D Smith LLC
9701 Apollo Drive Suite 100
Largo MD 20772
(301) 543-9685
andrea.smith@smithlawllc.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October 2025, a copy of the foregoing was filed in accordance with the Electronic Filing requirement and Procedures as established by the United States District Court for the District of Maryland and will be served via private process server to:

Taylor Made Deep Creek Real Estate LLC
35 Towne Centre Way Suite A
McHenry, MD 21541

/s/ Andrea D. Smith-Walker, Esq.
_____
Andrea D. Smith-Walker, Esq.

.